UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-20143-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUD EXAMON,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant Lud Examon's ("Defendant") Motion to Strike Marijuana Element from all Counts of the Indictment ("Motion"), ECF No. [96]. The Government filed a Response in Opposition, ("Response"), ECF No. [133]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

Defendant is charged by indictment with conspiracy to possess with intent to distribute a controlled substance (Count I); possession with intent to distribute a controlled substance (Count II); maintaining a drug-involved premises (Count III); and possession of a firearm in furtherance of a drug-trafficking crime (Count IV). *See* ECF No. [121]. The indictment asserts that all counts involved a detectible amount of marijuana, which is a Schedule I controlled substance. *Id.*; *see also* 21 U.S.C. § 841(b)(1)(D). Defendant argues that the Court should strike "the 'marijuana element' from all counts of the indictment," because "[a] category I controlled substance has the elements of a high potential for abuse and no currently accepted medical use." ECF No. [96] at 1. Defendant further asserts that the classification of marijuana violates his due process rights. In

response, the Government, relying on *United States v. Amalfi*, 47 F.4th 114 (2d Cir. 2022), contends that the Court should defer to Congress's classification of marijuana as a Schedule I controlled substance and deny the Motion. ECF No. [133].

Where, as here, a challenged statute does not implicate suspect or quasi-suspect classifications, or burden fundamental rights, the Court applies rational basis review, which requires only that the classification be rationally related to a governmental interest. *See Heller v. Doe*, 509 U.S. 312, 320 (1993). "Rational basis review is not demanding. Rather, a legislative classification subject to rational basis review is accorded a 'strong presumption of validity.'" *Resendiz-Alcaraz v. Ashcroft*, 383 F.3d 1262, 1271 (11th Cir. 2004) (quoting *Heller*, 509 U.S. at 319) (internal citation omitted).

The Court finds that *Amalfi* is instructive. In *Amalfi*, the Second Circuit dealt with a similar challenge to marijuana's classification as a Schedule I controlled substance. Specifically, the defendants argued that "whether there is a rational basis for including marijuana on Schedule I requires an inquiry into whether it is rational for the government to conclude that marijuana meets each of the statutory criteria for that schedule," and that "it is irrational to conclude that marijuana has no accepted medical uses." 47 F.4th at 124. The court rejected this reasoning because, on rational basis review, "it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)). Rather, marijuana's classification "is not *unconstitutional* unless there is no conceivable basis for placing marijuana on the strictest schedule," which the court concluded the defendants failed to establish. *Id.* at 125 (emphasis in original).

Indeed, a defendant has the burden to negate "*every conceivable basis* which might support

[Congress's stated reasons]" to make a particular classification. *Id.* at 124 (quoting *FCC*, 508 U.S. at 314). Here, Defendant fails to negate every conceivable basis for Congress's classification of marijuana as a Schedule I controlled substance. Defendant argues that there are many accepted medical marijuana uses, and to accept marijuana as a Schedule I controlled substance "creates an ethical conundrum." ECF No. [96]. Nevertheless, as recognized in *Amalfi*, "[w]here there are plausible reasons for Congress' action, our inquiry is at an end." 47 F.4th at 125 (quoting *FCC*, 508 U.S. at 313-14). Here, "there are numerous conceivable public health and safety grounds that could justify Congress's and the DEA's continued regulation of marijuana as a Schedule I controlled substance." *United States v. Phu*, No. CR-24-146-R, 2025 WL 646987, at *8-*9 (W.D. Okla. Feb. 27, 2025) (quoting *United States v. Green*, 222 F. Supp. 3d 267, 279 (W.D.N.Y. 2016)). Further, as the Government notes, several courts have found that marijuana's classification as a Schedule I controlled substance survives rational basis review. *See, e.g.*, *United States v. Francis*, 77 F.4th 66, 73 (2d Cir. 2023); *United States v. Pickard*, 100 F. Supp. 3d 981, 1008 (E.D. Cal. 2015). The Court finds no reason, nor does Defendant present any, to reach a different conclusion here.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike, **ECF No. [96]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 12, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record