UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-20143-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUD EXAMON,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL

**THIS CAUSE** is before the Court upon Defendant Lud Examon's ("Defendant") Motion *in Limine* Concerning Identification of the Defendant ("Motion *in Limine*"), ECF No. [180], and Motion to Compel Government to Provide Exculpatory Evidence ("Motion to Compel"), ECF No. [181]. The Government filed a Response in Opposition ("Response"), ECF No. [188]. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion *in Limine* is granted and the Motion to Compel is granted in part and denied in part.

**I.    BACKGROUND**

Defendant is charged by indictment with conspiracy to possess with intent to distribute a controlled substance (Count I); possession with intent to distribute a controlled substance (Count II); maintaining a drug-involved premises (Count III); and possession of a firearm in furtherance of a drug-trafficking crime (Count IV). *See* ECF No. [121]. In the Motion *in Limine*, the Defendant claims that identification of the Defendant "seems to be entirely presumptive without an objective and adhering-to-due-process rights identification process. *See* ECF No. [180] at 1. In the Motion to Compel, Defendant represents that Co-Defendant Gary Mudie ("Mudie") had all his counts

dismissed due to a misidentification. *See* ECF No. [181]. Defendant contends that the same misidentification impacting Mudie may also affect Defendant. *Id.* Therefore, Defendant requests all written reports containing the identification of Mudie, all grand jury testimony concerning the identification of Mudie, all witnesses that made an identification of Mudie, all witnesses used to exonerate Mudie, anything documented concerning a subsequent attempt at making an identification of Mudie, and any government close-out memorandum explaining why they had to dismiss the indictment. *Id.*

The Government responds that the Motion should partially be denied as moot, because it has undergone efforts to provide the requested materials to Defendant and represented to Defendant's counsel that the Government was in the process of gathering discoverable information related to the dismissal of the indictment as to Mudie. ECF No. [188]. Nevertheless, the Government maintains that it should not be required to produce some of the requested items – namely, any grand jury testimony, or any government close-out memorandum – and thus requests that the Court deny the Motion in part. The Government further represents that it is reviewing the identification evidence and will provide responsive materials to counsel of record. *Id.*

## II. LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure "is the primary rule governing pretrial discovery in criminal cases, and it 'spells out the materials the prosecution must produce on the defendant's request.'" *United States v. Russell*, Case No. 22-20348-CR, 2022 WL 17736195, at *1 (S.D. Fla. Dec. 17, 2022) (quoting *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003)). In addition to the discovery obligations embodied by Rule 16, a criminal defendant's due process rights obligate the prosecution to disclose information that is favorable to the defendant and that is material either to guilt or to punishment. *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Favorable evidence for *Brady* purposes includes both exculpatory and impeachment evidence. *See Giglio v. United States*, 405 U.S. 150 (1972); *Jordan*, 316 F.3d at 1253. But mere "favorableness" to the defendant is not enough to qualify for *Brady* protections – the information must also be material. Evidence "is material as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citation omitted). In *Giglio*, the Supreme Court extended *Brady* to disclosure of impeachment material. *United States v. Singleton*, CASE NO. 22-14048-CR, 2023 WL 2164588, at *3 (S.D. Fla. Feb. 13, 2023); *see Jordan*, 316 F.3d at 1253. Under *Giglio*, "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility" justifies a new trial. *Giglio*, 405 U.S. at 153-54 (internal citation omitted).

The difference between *Brady* material and *Giglio* material is that *Brady* information is exculpatory, meaning it "relates to evidence which directly tends to lessen a defendant's guilt," while *Giglio* material is impeaching, meaning that it relates to "witness credibility type evidence of a collateral nature . . . indirectly making it less likely that the defendant is guilty." *United States v. Hopkins*, Cr. No. S–05–0538 EJG, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008) (emphasis omitted). The purpose of *Giglio* and its progeny is "to ensure that the jury knows the facts that might motivate a witness in giving testimony[.]" *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (quoting *Smith v. Kemp*, 715 F.2d 1459, 1467 (11th Cir. 1983)).

### III. DISCUSSION

#### A. Motion to Compel

The Government does not object to Defendant's requests for written reports containing the identification of Mudie, all witnesses that made an identification of Mudie, and any documents

3

concerning a subsequent attempt at making an identification of Mudie. Therefore, as to these items, Defendant's Motions are granted.

### i. Grand Jury Testimony

As to Defendant's request for all grand jury testimony containing the identification of Mudie, the Government argues that Defendant has failed to make a compelling and particularized need for disclosure. "The general rule is that grand jury proceedings are to be kept secret." *United States v. Williams*, 180 F. App'x 108, 109 (11th Cir. 2006). "Federal Rule of Criminal Procedure 6(e)(2) generally requires grand jury secrecy except in the limited circumstances specified by Rule 6(e)(3)." *United States v. Valencia-Trujillo*, 462 F. App'x 894, 897 (11th Cir. 2012). Those limited circumstances include if such disclosure is "preliminary to or in connection with a judicial proceeding," or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).

"The party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004). The Court has "substantial discretion" in determining whether to compel disclosure. *Id.* at 1349. "A party seeking disclosure must show: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is designed to cover only necessary material." *Valencia-Trujillo*, 462 F. App'x at 898 (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

The Eleventh Circuit has further explained that to "establish a particularized need for disclosure a party must show that certain difficulties peculiar to his case could be alleviated by access to specific grand jury materials and that the disclosure will not do disproportionate harm to

the salutary purpose of secrecy embodied in the grand jury process." *Id.* Therefore, "[n]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." *Id.* (quoting *United States ex rel Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999)).

Here, although the Court acknowledges that Mudie's misidentification may impact Defendant's case, Defendant has nevertheless failed to show any particularized need for the grand jury transcripts. Indeed, Defendant has not provided *any* reason why the grand jury testimony is necessary. Defendant's blanket request is insufficient to meet this stringent standard. *Aisenberg*, 358 F.3d at 1349.

### ii. Government Close-Out Memorandum

Next, as to Defendant's request for the Government's close-out memorandum explaining why it dismissed Mundie's indictment, the Government argues that any internal memorandum is not subject to disclosure. ECF No. [188] at 9. The Government cites to Federal Rule of Criminal Procedure 16, which outlines the information subject to disclosure, but explicitly states that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

While it is true that there may be an instance where a close-out memorandum may nevertheless be discoverable, *i.e.*, if the memorandum contains *Brady* materials, Defendant has made no showing that any close-out memoranda is favorable to the defense and material under *Brady*. Indeed, Defendant's blanket request for "[a]ny government close-out memorandum explaining why they had to dismiss the indictment," because "[t]here is a substantial chance that this issue may be relevant to the credibility, accuracy and virtue of the government's entire case" is insufficient to order disclosure at this juncture. *See, e.g., United States v. Burak*, CR424-001,

2024 WL 4603864, at *4 (S.D. Ga. Oct. 29, 2024) (denying motion to compel where the defendant made blanket request for "any and all recordings or handwritten notes or any other type of note taken by the agents" during FBI interviews, because the defendant failed to present any argument as to why the notes contained *Brady* materials); *United States v. Jordan*, 316 F.3d 1215, 1251-52 (11th Cir. 2003) ("[A] 'defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the [government's] files,' nor does the right require the prosecution to deliver its entire file to the defense." (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987))). Therefore, Defendant's Motion is denied as to his request for any close-out memorandum pertaining to Mundie.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion *in Limine*, **ECF No. [180]**, is **GRANTED**.

2. Defendant's Motion to Compel, **ECF No. [181]**, is **GRANTED IN PART AND DENIED IN PART**.

3. The Government shall disclose this information to Defendant by **September 29, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record